**Mei Ling GAO, Petitioner,**

v.

**John D. ASHCROFT, U.S. Attorney General, et al., Respondents.**

No. 02–70209.
INS No. A79–354–036.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 2, 2002.*

Decided Oct. 24, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Accordingly, the motion for oral argument is denied.

Before CHOY, FERGUSON, and BOOCHEVER, Circuit Judges.

## MEMORANDUM **

Mei Ling Gao petitions for review from the decision of the Board of Immigration Appeals ("BIA") dismissing her appeal from the denial of her application for asylum and withholding of removal under the Immigration and Nationality Act. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition for review.

Gao does not challenge the dismissal of her appeal under Article 3 of the Convention Against Torture, and she conceded in her reply brief that she did not establish past persecution. Because the BIA declined to make an adverse credibility finding, we presume Gao's factual contentions to be true. *See Navas v. I.N.S.,* 217 F.3d 646, 657 (9th Cir.2000). The sole issue before us therefore is whether Gao proved eligibility for asylum based on a well-founded fear of future persecution.

When, as in this case, the BIA conducts its own review of the record, our review is limited to the BIA's decision. *Ventura v.*

*I.N.S.,* 264 F.3d 1150, 1153 (9th Cir.2001). We review the BIA's conclusion that Gao did not demonstrate a fear of future persecution under the substantial evidence standard, "uphold[ing] the BIA's determination unless the evidence compels a contrary conclusion." *Hernandez–Montiel v. I.N.S.,* 225 F.3d 1084, 1090–91 (9th Cir. 2000). To gain asylum based on "a well-founded fear of persecution on account of ... religion ... or political opinion," 8 U.S.C. § 1101(a)(42)(A), Gao must demonstrate that her fear of future persecution was both "subjectively genuine" and "objectively reasonable." *Salazar–Paucar v. I.N.S.,* 281 F.3d 1069, 1073 (9th Cir.), *amended by* 290 F.3d 964 (9th Cir.2002).

Gao testified that she had left technical school to work in the bookstore owned by her father because her father was incapacitated at home with high blood pressure. [AR p. 37] Gao was arrested, imprisoned for ten days and released only upon paying a fine, because while she was working in the bookstore the police found two Falun Gong books in a drawer behind the counter. After her release, she was told by a friend of her father's who worked at the police station that she was on a list of Falun Gong members and might again be arrested and imprisoned with consequences more serious than a mere fine, because the government was cracking down on the Falun Gong. She then left China for the United States.

Gao testified that she feared future persecution because she would be sentenced and fined for leaving the country illegally, and because the Chinese government had her on a list of Falun Gong members and would again imprison her if she returned. She presented the State Department's Country Report for 2000 as evidence that the Chinese government's mistreatment of

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Falun Gong members was intensifying, and included lengthy detention, labor camps, beatings and torture. The report described the arrest of sisters who owned a bookstore and their sentences of six and seven years after a secret trial. [AR pp. 155, 180–81]

The BIA concluded that Gao did not demonstrate a fear of future persecution because "she has no real Falun Gong connection." This is legal error. "A person has a well-founded fear of persecution on account of political opinion if his fear is on account of an imputed political opinion, i.e. a political opinion that he does not necessarily hold but that his persecutors believe that he holds." *Mejia v. Ashcroft*, 298 F.3d 873, 877 (9th Cir.2002). In *Mejia*, we found that the BIA committed a legal error and abused its discretion when it did not consider whether an alien feared future persecution on the basis of imputed opinion and refused to reopen an asylum case, even though the alien's "unchallenged testimony demonstrated that he appeared on an NPA hit list after acting as an informer against the NPA. Under our precedents, these facts establish eligibility for asylum." *Id.* at 878.

Similarly, in this case Gao's testimony established that she appeared on a government list of Falun Gong members after her arrest and imprisonment when the police found Falun Gong books behind the counter in the bookstore where she was working. She therefore demonstrated that she appeared on a "hit list" after she was found to have possessed Falun Gong literature, because of her imputed affiliation with the persecuted group.

The BIA's only other stated reason for denying Gao's appeal was that Gao's father, the owner of the bookstore, had not been arrested or imprisoned. This is also legal error. "To establish imputed political opinion, an applicant must show that

his persecutors actually imputed a political opinion to him." *Navas*, 217 F.3d at 659 (quotations omitted); *Ventura*, 264 F.3d at 1154. Gao showed that the police actually imputed membership in the Falun Gong to her *personally*. There was no need to show that other members of her family were also persecuted for the same imputed opinion.

Because the two bases for the BIA's opinion are both erroneous, there is no substantial evidence to support its conclusion that Gao had not demonstrated a fear of future persecution. We therefore conclude that Gao is eligible for asylum. She is also entitled to withholding of deportation, because "the evidence compels the conclusion that it is more likely than not that [her] life or freedom would be threatened on account of imputed ... opinion if [s]he were to return" to China. *See Ventura*, 264 F.3d at 1158.

PETITION FOR REVIEW GRANTED.